UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clayton B. Caves, | ) C/A No.: 4:12-70-JMC-TER |
| Plaintiff, | ) |
| vs. | ) |
| Ray E. Holt, Regional Director;<br>Michael Branch, Captain Atlanta Region;<br>D.B. Drew, Warden Coleman USP II;<br>Mr. Johnson, Unit Mgr. Coleman USP II;<br>Mr. Crafton, Case Mgr. Coleman USP II;<br>Counselor Unknown Name, Coleman USP II;<br>Mr. Morris, Unit Mgr. Yazoo City FCC Med.;<br>Mr. Lynchard, Counselor Yazoo City FCC Med.;<br>Admin Remedy Coordinator Unknown Name, Yazoo City FCC;<br>Kenny Atkinson, Warden Edgefield FCI;<br>Mr. Koger, Unit Mgr. Edgefield FCI;<br>Mr. Clark, Counselor Edgefield FCI;<br>Mr. Bolton, Counselor Edgefield FCI;<br>Mr. Johnson, S.H.U. Lt. Edgefield FCI;<br>Assistant Warden Oscar Acosta,<br>are sued in their individual capacities, | ) Report and Recommendation |
| Defendants. | |

Plaintiff Clayton B. Caves, a federal prisoner proceeding *pro se*, files this *Bivens*[1] action against a number of federal employees at USP-Coleman in Florida (Coleman), FCI-Edgefield in South Carolina (Edgefield), USP-Atlanta in Georgia (Atlanta), and FCC-Yazoo City in Mississippi (Yazoo City), seeking a protective order, and a preliminary injunction or declaratory judgment. Plaintiff is currently housed in the R.A. Deyton Detention facility in Lovejoy, Georgia, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such

---

[1]*See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

complaints for relief and submit findings and recommendations to the district judge.

## BACKGROUND

Plaintiff alleges he was sentenced to fourteen years, two months and twenty-three days for possession of a firearm by a convicted felon and bank robbery. According to one of the attachments to Plaintiff's complaint, Plaintiff arrived at Edgefield in October 2011 from Coleman, via Yazoo City. At Coleman, Plaintiff alleges guards exposed his informant status to inmates. Other exhibits show he was also at other federal facilities including Terre Haute in Indiana (Terre Haute), and Big Sandy, Kentucky (Big Sandy) where the leader of the Aryan Circle is incarcerated. Plaintiff alleges he has renounced his affiliation with the Aryan group and is now considered "hot" by gang members who have been told to "hit on sight." It is difficult to determine the precise order of the various institutions where Plaintiff has been sent, but it appears he has spent most of his time in protective custody.

Plaintiff alleges he has tried to exhaust his administrative remedies - apparently at all of the institutions where he has been housed - but has been prevented from doing so [ECF No. 1, Compl. @ 2, Paragraph 3]. He also claims his life is in immediate risk.. *Id.*

Plaintiff states he has filed two other cases in the Northern District of Georgia. *Id.* A review of one exhibit [ECF No.1-9, pgs 3 and 4] reveals that Plaintiff was beaten by guards in Atlanta and was then sent to Terre Haute in exchange for not filing a complaint about the incident. Plaintiff, however, eventually filed a complaint, once he was away from Atlanta. When he traveled back through Atlanta, he was retaliated against by being placed with an Aryan gang member. He was then sent to Big Sandy, thereby exposing him to another attack. In one of the Georgia cases, summary judgement was denied and counsel was appointed. His motion for a protective order and request for injunctive relief were denied because he had been transferred, and because he had counsel. *See*

*Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

Plaintiff sets out in his complaint various allegations pertaining to his conditions of confinement against all of the named Defendants in the various locations where these Defendants reside. Plaintiff asks the court to: declare the acts and omissions complained of violated plaintiff's rights; issue a preliminary injunction/protective order to stay his placement or transfer through Atlanta for any reason immediately; remove him from the custody and control of Defendants Drew, Branch, and Holt; correct his file to show he is an informer and former ST6 member, which exposes him to risk from gangs; replace missing and expunged information in his file; and to transfer him to state custody, when the time comes, in a safe manner, not through Atlanta; He also seeks damages, fees and equitable relief, and asks this court to waive exhaustion.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which

relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The United States District Court for the District of South Carolina lacks jurisdiction *in personam* over Defendants Branch; Drew; Johnson; Crafton; "Counselor Unknown Name" at Coleman; Morris; Lynchard; and "Admin Remedy Coordinator Unknown Name" at Yazoo City. Jurisdiction *in personam* means jurisdiction of the parties in a case, and is sometimes called "personal jurisdiction[.]" Even if the plaintiff were to rely on Fed.R.Civ.P. 4(e), these defendants are not reachable by process issued by this court, or under South Carolina's long-arm statute, § 36-2-801 *et seq.*, South Carolina Code of Laws, because the defendants that reside outside of

South Carolina have no minimum contacts with the District of South Carolina. *See White v. Stephens*, 300 S.C. 241, 387 S.E.2d 260, 262-264 (1990); and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 288-299 (1980).

Additionally, it is apparent that venue, for some of the claims presented, is improper in the District of South Carolina because some of the alleged acts occurred in Georgia, Florida, or Mississippi. If the plaintiff wishes to pursue a civil rights action against the defendants that reside in these states, he should do so in the proper United States District Court.

Finally, the doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984).

Plaintiff has not alleged that Defendant Holt was personally responsible for any of the incidents that arose in South Carolina. Plaintiff alleges that Johnson, Crafton, and Drew (Coleman employees) with the approval of Holt and Branch (stationed in Atlanta) labeled him a gang member and transferred him to FCC-Pollock in Louisiana (2010) to be seriously injured or killed, in violation of the 8th Amendment. Plaintiff also alleges Defendants Holt, Drew, and Branch retaliated against the Plaintiff for filing an Atlanta lawsuit by engineering transfers, transport, and custody changes to place Plaintiff in dangerous situations so he would be assaulted. Additionally, Plaintiff claims that Defendant Morris (Yazoo City) allegedly failed to address the lack of access to courts, and was

aware of the conspiracy by Branch, Holt, Drew, and Crafton. Plaintiff states he was waiting for a transfer to Iowa for 17 months but Branch, Holt, and Drew conspired to have him stay "at Yazoo and left from Oklahoma" so he would be forced to travel through Atlanta where he would be attacked and killed. While these are serious allegations, they do not specifically pertain to any alleged conspiracy with a South Carolina defendant. Therefore, since Plaintiff has not alleged that Defendant Holt was deliberately indifferent to, or tacitly authorized, any of the actions or inactions of any South Carolina defendants, Plaintiff has failed to show that Defendant Holt is liable on a theory of respondeat superior or supervisory liability - for actions of any South Carolina defendant - thereby entitling him to summary dismissal from *this* action.

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss Defendants Holt; Branch; Drew; Johnson; Crafton; "Counselor Unknown Name" at Coleman; Morris; Lynchard; and "Admin Remedy Coordinator Unknown Name" at Yazoo City, *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, supra; *Neitzke v. Williams*, supra; *Haines v. Kerner*, supra; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal]. An order authorizing service of process against the remaining Defendants has been entered contemporaneously with this report and recommendation.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

May 8, 2012  
Florence, South Carolina

*<u>The plaintiff's attention is directed to the important notice on the next page.</u>*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).