UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clayton B. Caves, ) | C/A No.: 4:12-70-JMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Kenny Atkinson, Warden Edgefield FCI; ) | |
| Mr. Koger, Unit Mgr. Edgefield FCI; ) | |
| Mr. Clark, Counselor Edgefield FCI; ) | |
| Mr. Bolton, Counselor Edgefield FCI; ) | |
| Mr. Johnson, S.H.U. Lt. Edgefield FCI; ) | |
| Assistant Warden Oscar Acosta, ) | |
| are sued in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Clayton B. Caves, a federal prisoner proceeding *pro se*, filed this *Bivens*[1] action against a number of federal employees at USP-Coleman in Florida (Coleman), FCI-Edgefield in South Carolina (Edgefield), USP-Atlanta in Georgia (Atlanta), and FCC-Yazoo City in Mississippi (Yazoo City). [2] Plaintiff filed an amended complaint on February 13, 2012, adding another named defendant, Assistant Warden Oscar Acosta of FCI Edgefield. (Doc. #20). At the time of the filing of the complaint, Plaintiff was housed in the Federal Correctional Institution (FCI), in Edgefield, South Carolina. Since the filing of the complaint, Plaintiff has been transferred to the R.A. Deyton

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

[2] On July 3, 3012, an Order was entered dismissing Defendants Holt, Drew, Branch, Johnson, Crafton, Counselor Unknown Name at Coleman, Morris, Lynchard, and Administrative Remedy Coordinator Unknown Name at Yazoo City without prejudice and without issuance and service of process.

Detention Facility in Lovejoy, Georgia. The only Defendants remaining are associated with FCI Edgefield.

In the original complaint, Plaintiff alleges he was sentenced to fourteen years, two months and twenty-three days for possession of a firearm by a convicted felon and bank robbery. According to one of the attachments to Plaintiff's complaint, Plaintiff arrived at Edgefield in October 2011 from Coleman, via Yazoo City. At Coleman, Plaintiff alleges guards exposed his informant status to inmates. Other exhibits show he was also at other federal facilities including Terre Haute in Indiana (Terre Haute), and Big Sandy, Kentucky (Big Sandy) where the leader of the Aryan Circle is incarcerated. Plaintiff alleges he has renounced his affiliation with the Aryan group and is now considered "hot" by gang members placing his life in danger.

At the time of filing the complaint, Plaintiff filed a motion for preliminary injunction and/or protective order. (Doc. #2). In this motion, Plaintiff asserts that he "faces and is threatened with irreparable harm from officials who have taken control of his person, again in retaliation for his lawsuit, of which there have been four previous and similar attempts to seriously injure or kill this plaintiff by these same defendant officials." (Id.). Plaintiff asserts that he is not "properly classified as protection case, and that Holt[,] Branch[,] Drew are doing this." (Id.). Plaintiff states that he will suffer irreparable injury unless "injunction issues to protect him from further endangerment, retaliation, transfer to Atlanta, or anywhere but Iowa without being properly classified and restoring protective designations." (Id.). Plaintiff alleges that Atlanta removed his protective and classification status and he wants this classification back and he seeks to be transferred from Edgefield and placed in Iowa "without having to go through Atlanta." (Id.).[3]

---

[3] In the original complaint, Plaintiff states he has filed two other cases in the Northern District of Georgia. *Id.*

A the time of filing the motion for preliminary injunction and motion for protective order, Plaintiff was housed at FCI Edgefield, South Carolina. Since the filing of this action and the motion for injunctive relief, Plaintiff has been transferred to the R.A. Deyton Detention Facility in Lovejoy, Georgia.[4]

First, Plaintiff has been transferred from FCI Edgefield in South Carolina to a detention center in Lovejoy, Georgia since the filing of his motion for injunctive relief. Therefore, his request to be transferred from FCI Edgefield is moot. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition of which he complained. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). Therefore, it is recommended that Plaintiff's motion for injunctive relief to be transferred from FCI Edgefield be deemed moot.

Additionally, Plaintiff's request for an injunction to order a prison transfer to Iowa without going through Atlanta and to be placed in certain protective classifications is not available. There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. See Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (holding that the

---

[4] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 129, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id.

Plaintiff fails to make the requisite showing. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997).

Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); McKune v. Lile, 536 U.S. 24, 26, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). Also, Plaintiff fails to make a sufficient showing to warrant preliminary relief under Winter, *infra*. note 4, regarding his request to be housed in Iowa. Therefore, as to Plaintiff's requests to transfer to a certain location in Iowa with certain protective classifications, it is recommended that the motion (doc. # 2) be denied.

                                                          s/Thomas E. Rogers, III
                                                          Thomas E. Rogers, III
                                                          United States Magistrate Judge

July 13, 2012
Florence, South Carolina