UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clayton B. Caves, | ) |
| Plaintiff, | ) Civil Action No.: 4:12-cv-00070-JMC |
| vs. | ) **ORDER AND OPINION** |
| Kenny Atkinson, Warden Edgefield FCI; | ) |
| Mr. Koger, Unit Mgr. Edgefield FCI; | ) |
| Mr. Clark, Counselor Edgefield FCI; | ) |
| Mr. Bolton, Counselor Edgefield FCI; | ) |
| Mr. Johnson, S.H.U. Lt. Edgefield FCI; | ) |
| Assistant Warden Oscar Acosta, | ) |
| are sued in their individual capacities, | ) |
| Defendants. | ) |

This matter is before the court on the Magistrate Judge's Report and Recommendation, [Doc. 62] filed on July 13, 2012, recommending the court deny Plaintiff Clayton B. Caves's ("Plaintiff") Motion for Preliminary Injunctions and/or Protective Order [Doc. 2], wherein Plaintiff seeks to be transferred from FCI Edgefield to a facility in Iowa. Plaintiff further requests that Defendants be prohibited from processing Plaintiff's transfer through USP-Atlanta in Georgia and that Defendants be required to give Plaintiff certain protective classifications. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v.*

*Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

After receiving the Magistrate Judge's Report, Plaintiff timely filed objections. [Doc. 71]. Failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. Plaintiff complains that he did not receive a copy of the Report in a timely manner and that there was no documentation advising him of the due date for his objections to the Magistrate Judge's Report. He also contends that prison officials removed or withheld documents from his incoming mail. The court finds that these matters are not relevant to the Report. Plaintiff further complains about actions taken against him by persons no longer parties to this case. None of these complaints have any bearing on the dispositive portions of the Magistrate Judge's Report.

However, the court was able to discern several specific objections to the issues addressed by the Magistrate Judge. First, Plaintiff objects that the Magistrate Judge overlooked or misconstrued the factual and procedural circumstances of this case. Plaintiff further objects that the Magistrate Judge neglected to address his allegations concerning his status as an informant which Plaintiff claims is relevant to his need to be transferred to avoid mistreatment by other

inmates. The court finds that the Magistrate Judge's Report adequately addresses the factual circumstances that are pertinent to the issues raised in the instant motion.

The court further observes that the Magistrate Judge found that Plaintiff's motion was essentially moot because Plaintiff was not located in FCI Edgefield at the time of the Magistrate Judge's issuance of the Report. However, since the Magistrate Judge issued the Report, Plaintiff has been transferred back to FCI Edgefield. Accordingly, the court finds the Magistrate Judge's recommendation regarding mootness to be inapplicable.

Notwithstanding the Magistrate Judge's mootness analysis, the court agrees with the Magistrate Judge's determination of the motion on the merits. Plaintiff's location is largely irrelevant to whether he is entitled to the relief he seeks. As the Magistrate Judge indicated, there is no constitutional right for a state or federal prisoner to be housed in a particular institution, or at a particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted poisoner against transfer from one institution to another within the state prison system"); *McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). Therefore, the court agrees with the Magistrate Judge's recommendation to deny Plaintiff's motion.

Finally, Plaintiff requests, for the first time in his objections to the Magistrate Judge's Report, that his records be corrected to reflect his informant and ex-gang member status. This is not a specific objection to the Report, but is more in the nature of an additional request for injunctive relief that was not contained in his original filings and is not properly before the court.

Accordingly the court declines to address Plaintiff's additional requests for injunctive relief in the instant order.

## CONCLUSION

After thorough review of the Report and Recommendation, and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's Motion for Preliminary Injunctions and/or Protective Order [Doc. 2].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 6, 2012

Greenville, South Carolina