UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clayton B. Caves, | ) C/A No.: 4:12-70-JMC-TER |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Kenny Atkinson, Warden Edgefield FCI; | ) |
| Mr. Koger, Unit Mgr. Edgefield FCI; | ) |
| Mr. Clark, Counselor Edgefield FCI; | ) |
| Mr. Bolton, Counselor Edgefield FCI; | ) |
| Mr. Johnson, S.H.U. Lt. Edgefield FCI; | ) |
| Assistant Warden Oscar Acosta, | ) |
| are sued in their individual capacities, | ) |
| | ) |
|                 Defendants. | ) |

Plaintiff Clayton B. Caves, a federal prisoner proceeding *pro se*, filed this *Bivens*[1] action against a number of federal employees at USP-Coleman in Florida (Coleman), FCI-Edgefield in South Carolina (Edgefield), USP-Atlanta in Georgia (Atlanta), and FCC-Yazoo City in Mississippi (Yazoo City).[2] Plaintiff filed an amended complaint on February 13, 2012, adding another named defendant, Assistant Warden Oscar Acosta of FCI Edgefield. (Doc. #20). At the time of the filing of the complaint, Plaintiff was housed in the Federal Correctional Institution (FCI), in Edgefield, South Carolina. Since the filing of the complaint, Plaintiff has been transferred to the Freemont

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

[2] On July 3, 3012, an Order was entered dismissing Defendants Holt, Drew, Branch, Johnson, Crafton, Counselor Unknown Name at Coleman, Morris, Lynchard, and Administrative Remedy Coordinator Unknown Name at Yazoo City without prejudice and without issuance and service of process.

Correctional Facility in Canon City, Colorado. (Doc. #92). The only Defendants remaining are associated with FCI Edgefield.

Defendants filed a motion for summary judgment on September 11, 2012. Because Plaintiff is proceeding pro se, the court issued an order on or about September 12, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Defendants' motion for summary judgment. Plaintiff had previously filed motions to stay the proceedings due to being in transit with no legal materials. (Docs. # 66 and #75). An order was issued granting the motions to stay to the extent the case was stayed until April 8, 2013. As the stay was lifted, a new Roseboro was issued on April 22, 2013, giving Plaintiff until May 28, 2013, to file a response to the Defendants' motion for summary judgment. Plaintiff has failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his

actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendants' motion for summary judgment or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

June 11, 2013
Florence, South Carolina